IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA    :
    :    No. 4:16 CR 133
    v.    :
    :    (Judge    )
JAMES WOODRING and    :
CHRISTINA WOODRING,    :
    Defendants :

**FILED**
**SCRANTON**
MAY 2 4 2016
PER _____
DEPUTY CLERK

## INDICTMENT

**THE GRAND JURY CHARGES:**

### COUNT ONE
**Conspiracy to Manufacture and Distribute Explosives**
**18 U.S.C. § 371**

From on or about May 1, 2016, the exact date being unknown to

the grand jury, and continuing thereafter until on or about May 18,

2016, in Centre County and York County, Pennsylvania, within the

Middle District of Pennsylvania, and elsewhere, the defendants,

**JAMES WOODRING and**
**CHRISTINA WOODRING,**

knowingly and willfully conspired and agreed together and with each

other, and with other persons both known and unknown to the grand

jury, to commit an offense against the United States, that is:

    to knowingly engage in the business of
    manufacturing and dealing in explosive

materials, including altered and regulated explosive class 1.3 mortars, without a license to do so pursuant to Chapter 40 of Title 18, United States Code, in violation of Title 18, United States Code, Sections 842(a)(1) and 844(a).

## Manner and Means

It was part of the conspiracy that the defendants purchased and transported commercial grade fireworks, including regulated explosive class 1.3 mortars, from outside of the state of Pennsylvania to their residence in Centre Hall, Pennsylvania, within the Middle District of Pennsylvania.

It was further part of the conspiracy that the defendants altered the regulated explosive class 1.3 mortars in an effort to increase the explosives' power and volatility.

It was further part of the conspiracy that the defendants sold the altered mortars, without a license to do so pursuant to chapter 40 of Title 18, United States Code, including by transporting the altered mortars to locations within the Middle District of Pennsylvania and elsewhere.

## Overt Acts

In furtherance of the conspiracy and to effect the objects of the

conspiracy, the following overt acts, among others, were committed in the Middle District of Pennsylvania, and elsewhere:

1. On or about May 1, 2016, the exact date being unknown to the grand jury, the defendant, JAMES WOODRING, purchased regulated explosive class 1.3 mortars from a location outside of the state of Pennsylvania, and transported the mortars to his residence in Centre County, Pennsylvania, within the Middle District of Pennsylvania.

2. On or about May 12, 2016, the defendant, JAMES WOODRING, sold approximately 19 altered class 1.3 mortars, in exchange for approximately $240.00 in United States currency.

3. On or about May 16, 2016, and continuing through on or about May 18, 2016, the defendant, JAMES WOODRING, arranged to sell approximately 40 altered and regulated explosives, including class 1.3 mortars, in exchange for approximately $520.00 in United States currency.

4. On or about May 18, 2016, the defendants, JAMES WOODRING and CHRISTINA WOODRING, altered and attempted to alter regulated explosives, including class 1.3 mortars, in anticipation

3

of selling the explosives.

All in violation of Title 18, United States Code, Section 371.

**THE GRAND JURY FURTHER CHARGES:**

<u>COUNT TWO</u>
**Distribution of Explosives**
**18 U.S.C. § 842(a)(3)(B)**

On or about May 12, 2016, in York County, Pennsylvania, within the Middle District of Pennsylvania, the defendant,

JAMES WOODRING,

not being a licensee under the provisions of Chapter 40 of Title 18 of the United States Code, knowingly distributed explosive materials, namely, approximately 19 altered explosive class 1.3 mortars, to a person who is not a licensee or permittee under the provisions of Chapter 40 of Title 18 of the United States Code.

All in violation of Title 18, United States Code, Sections 842(a)(3)(B) and 844(a).

**THE GRAND JURY FURTHER CHARGES:**

<u>COUNT THREE</u>
**Manufacturing Explosives**
**18 U.S.C. § 842(a)(1)**

On or about May 18, 2016, in Centre County, Pennsylvania,

within the Middle District of Pennsylvania, the defendants,

JAMES WOODRING and
CHRISTINA WOODRING,

knowingly engaged in the business of manufacturing explosive

materials, including altered class 1.3 mortars, without a license to do so

pursuant to Chapter 40 of Title 18 of the United States Code.

All in violation of Title 18, United States Code, Sections 842(a)(1)

and 844(a).

**THE GRAND JURY FURTHER CHARGES:**

<u>COUNT FOUR</u>
**Possession of Firearms by a Prohibited Person**
**18 U.S.C. § 922(g)(1)**

On or about May 18, 2016, in Centre County, Pennsylvania,

within the Middle District of Pennsylvania, the Defendant,

JAMES WOODRING,

having been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting interstate and foreign commerce firearms, namely: (1) a .380 caliber Smith and Wesson semi-automatic pistol, Serial No. EAJ6561; (2) a 12-gauge Mossberg, Maverick shotgun, Serial No. MV93689T; (3) a 30x.06 Remington, Sportsman 76 Pump rifle, Serial No. 8454052; and (4) a .223 caliber New Frontier, LW-15 rifle, Serial No. NLV73382.

In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

**THE GRAND JURY FURTHER CHARGES:**

<u>COUNT FIVE</u>
**Possession of a Stolen Firearm**
**18 U.S.C. § 922(j)**

On or about May 18, 2016, in Centre County, Pennsylvania, within the Middle District of Pennsylvania, the Defendant,

JAMES WOODRING,

knowingly possessed a stolen firearm, namely a .380 caliber Smith and Wesson semi-automatic pistol, Serial No. EAJ6561, which had been shipped and transported in interstate and foreign commerce, knowing and having reasonable cause to believe the firearm was stolen.

6

In violation of Title 18, United States Code, Sections 922(j) and 924(a)(2).

## FORFEITURE ALLEGATION

The allegations contained in Counts One through Five of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Sections 844(c), 981(a)(1)(C), 982(a)(2)(B) and 924(d)(1), and Title 28, United States Code, Section 2461(c).

2.      Upon conviction of an offense in violation of Title 18, United States Code, Sections 371, 842, and 922, the defendants,

JAMES WOODRING and
CHRISTINA WOODRING,

shall forfeit to the United States of America any property constituting or derived from any proceeds obtained, directly or indirectly, as the result of said offenses and any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offenses.  The property to be forfeited includes, but is not limited to, the following:

a.      a .380 caliber Smith and Wesson semi-automatic pistol,

7

Serial No. EAJ6561;

    b.    a 12-gauge Mossberg, Maverick shotgun, Serial No. MV93689T;

    c.    a 30x.06 Remington, Sportsman 76 Pump rifle, Serial No. 8454052;

    d.    a .223 caliber New Frontier, LW-15 rifle, Serial No. NLV73382;

    e.    approximately 50 rounds of 12-gauge shotgun shells;

    f.    approximately 40 rounds of 30x.06 caliber ammunition

    g.    approximately 200 rounds of .223 caliber ammunition;

    h.    approximately 100 rounds of .380 caliber ammunition; and

    i.    approximately $3,000 in United States currency.

3.    If any of the forfeitable property described above, as a result of any act or omission of the defendants:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

8

     d.    has been substantially diminished in value; or

     e.    has been commingled with other property which cannot

be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute

property pursuant to Title 21, United States Code, Section 853(p), as

incorporated by Title 18, United States Code, Section 982(b)(1) and

Title 28, United States Code, Section 2461(c).

Pursuant to Title 18, United States Code, Sections 844(c),

981(a)(1)(C), 982(a)(2)(B) and 924(d)(1), and Title 28, United States

Code, Section 2461(c).


A TRUE BILL

PETER J. SMITH
United States Attorney

By: _____

PHILLIP J. CARABALLO
Assistant United States Attorney

Date: 5-24-16


9