UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : No. 4:16-CR-133-2 |
| v. | : |
| | : (Judge Mannion) |
| CHRISTINA WOODRING, | : |
| Defendant: | |

## PLEA AGREEMENT

The following Plea Agreement is entered by the United States Attorney for the Middle District of Pennsylvania and the above-captioned defendant. Any reference to the United States or to the Government in this Agreement shall mean the Office of the United States Attorney for the Middle District of Pennsylvania.

## A. Violations, Penalties, and Dismissal of Other Counts

1. <u>Guilty plea</u>. The defendant agrees to plead guilty to Count One of the Indictment, which charges the defendant with a violation of Title 18, United States Code, Section 371, conspiracy to manufacture and deal in explosives. The maximum penalty for that offense is imprisonment for a period of five years, a fine of $250,000, a maximum term of supervised release of three years to be determined by the court, which shall be served at the conclusion of and in addition to any term of

imprisonment, as well as the costs of prosecution, imprisonment, probation, or supervised release ordered, denial of certain federal benefits, and an assessment in the amount of $100. At the time the guilty plea is entered, the defendant shall admit to the court that the defendant is, in fact, guilty of the offense charged in Count One. After sentencing, the United States will move for dismissal of the remaining count. The defendant agrees, however, that the United States may, at its sole election, reinstate any dismissed counts or seek additional charges in the event the charge to which the defendant pleads guilty pursuant to this Agreement subsequently is vacated, set aside, or invalidated by the district court or appellate court. The defendant further agrees to waive any defenses to reinstatement of those charges or additional charges based upon laches, the assertion of speedy trial rights, any applicable statute of limitations, or any other ground. The calculation of time under the Speedy Trial Act for when trial must commence is tolled as of the date of the defendant's signing of this Plea Agreement.

2

2.     Term of Supervised Release.  The defendant understands that the court must impose a term of supervised release following any sentence of imprisonment exceeding one year, or when required by statute.  The court may require a term of supervised release in any other case.  In addition, the defendant understands that as a condition of any term of supervised release or probation, the court must order that the defendant cooperate in the collection of a DNA sample if the collection of a sample is so authorized by law.

3.     No Further Prosecution, Except Tax Charges.  The United States Attorney's Office for the Middle District of Pennsylvania agrees that it will not bring any other criminal charges against the defendant directly arising out of the defendant's involvement in the offenses described above.  However, nothing in this Agreement will limit prosecution for criminal tax charges, if any, arising out of those offenses.

## B.  Fines and Assessments

4.     Fine.  The defendant understands that the court may impose a fine pursuant to the Sentencing Reform Act of 1984.  The willful

failure to pay any fine imposed by the court, in full, may be considered a breach of this Plea Agreement. Further, the defendant acknowledges that willful failure to pay the fine may subject the defendant to additional criminal violations and civil penalties pursuant to Title 18, United States Code, Section 3611, *et seq.*

5. <u>Alternative Fine</u>. The defendant understands that under the alternative fine section of Title 18, United States Code, Section 3571, the maximum fine quoted above may be increased if the court finds that any person derived pecuniary gain or suffered pecuniary loss from the offense and that the maximum fine to be imposed, if the court elects to proceed in this fashion, could be twice the amount of the gross gain or twice the amount of the gross loss resulting from the offense.

6. <u>Inmate Financial Responsibility Program</u>. If the court orders a fine or restitution as part of the defendant's sentence, and the sentence includes a term of imprisonment, the defendant agrees to voluntarily enter the United States Bureau of Prisons-administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect up to 50% of the

4

defendant's prison salary and apply those amounts on the defendant's behalf to the payment of the outstanding fine and restitution orders.

7.    Special Assessment.  The defendant understands that the court will impose a special assessment of $100 pursuant to Title 18, United States Code, Section 3013.  No later than the date of sentencing, the defendant or defendant's counsel shall mail a check in payment of the special assessment directly to the Clerk, United States District Court, Middle District of Pennsylvania.  If the defendant intentionally fails to make this payment, that failure may be treated as a breach of this Plea Agreement and may result in further prosecution, the filing of additional criminal charges, or a contempt citation.

8.    Collection of Financial Obligations.  In order to facilitate the collection of financial obligations to be imposed in connection with this case, defendant consents and agrees to the following:

(a) to fully disclose all assets in which defendant has an interest or over which defendant has control, directly or indirectly; including those held by a spouse, nominee, or other third party.

5

(b) to submit to interviews by the Government regarding the defendant's financial status;

(c) to submit a complete, accurate and truthful financial statement on the form provided by the Government to the United States Attorney's Office no later than 14 days following entry of the guilty plea;

(d) whether represented by counsel or not, to consent to contact by and communication with the Government, and to waive any prohibition against communication with a represented party by the Government regarding defendant's financial status;

(e) to authorize the Government to obtain the defendant's credit reports in order to evaluate the defendant's ability to satisfy any financial obligations imposed by the court; and

(f) to submit any financial information requested by the Probation Office as directed and to the sharing of financial information between the Government and the Probation Office.

## C. Sentencing Guidelines Calculation

9.  <u>Determination of Sentencing Guidelines.</u>   The defendant
and counsel for both parties agree that the United States Sentencing
Commission Guidelines, which took effect on November 1, 1987, and its
amendments, as interpreted by *United States v. Booker*, 543 U.S. 220
(2005), will apply to the offense or offenses to which the defendant is
pleading guilty. The defendant further agrees that any legal or factual
issues relating to the application of the Federal Sentencing Guidelines
to the defendant's conduct, including facts to support any specific
offense characteristic or other enhancement or adjustment and the
appropriate sentence within the statutory maximums provided for by
law, will be determined by the court after briefing, a pre-sentence
hearing, or a sentencing hearing.

10.  <u>Acceptance of Responsibility– Two/Three Levels</u>. If the
defendant can adequately demonstrate recognition and affirmative
acceptance of responsibility to the Government as required by the
Sentencing Guidelines, the Government will recommend that the
defendant receive a two- or three-level reduction in the defendant's

7

offense level for acceptance of responsibility. The third level, if applicable, shall be within the discretion of the Government under U.S.S.G. § 3E1.1. The failure of the court to find that the defendant is entitled to a two- or three-level reduction shall not be a basis to void this Plea Agreement.

## D. Sentencing Recommendation

11.   Appropriate Sentence Recommendation.  At the time of sentencing, the United States may make a recommendation that it considers appropriate based upon the nature and circumstances of the case and the defendant's participation in the offense, and specifically reserves the right to recommend a sentence up to and including the maximum sentence of imprisonment and fine allowable, together with the cost of prosecution.

12.   Special Conditions of Probation/Supervised Release.  If probation or a term of supervised release is ordered, the United States may recommend that the court impose one or more special conditions, including but not limited to the following:

(a) The defendant be prohibited from possessing a firearm or other dangerous weapon.

(b) The defendant make restitution, if applicable, payment of which shall be in accordance with a schedule to be determined by the court.

(c) The defendant pay any fine imposed in accordance with a schedule to be determined by the court.

(d) The defendant be prohibited from incurring new credit charges or opening additional lines of credit without approval of the Probation Office unless the defendant is in compliance with the payment schedule.

(e) The defendant be directed to provide the Probation Office and the United States Attorney access to any requested financial information.

(f) The defendant be confined in a community treatment center, halfway house, or similar facility.

(g) The defendant be placed under home confinement.

(h) The defendant be ordered to perform community service.

(i) The defendant be restricted from working in certain types of occupations or with certain individuals, if the Government deems such restrictions to be appropriate.

(j) The defendant be directed to attend substance abuse counseling which may include testing to determine whether the defendant is using drugs or alcohol.

(k) The defendant be directed to attend psychiatric or psychological counseling and treatment in a program approved by the Probation Officer.

(l) The defendant be denied certain federal benefits including contracts, grants, loans, fellowships and licenses.

(m) The defendant be directed to pay any state or federal taxes and file any and all state and federal tax returns as required by law.

## E. Forfeiture of Assets

13.   <u>Forfeiture</u>.  The present indictment seeks forfeiture of the defendant's interests in certain assets.  In the event the United States seeks to forfeit those assets through a civil proceeding, the defendant

understands that dismissal of the criminal forfeiture allegation in no way limits the United States from proceeding civilly against any assets owned or held by the defendant or any other party. Defendant agrees to settle any civil and criminal forfeiture matters arising out of his explosives and firearms offenses. Defendant further agrees to the following:

(a) Forfeiture of all properties, real and personal listed in the Forfeiture Allegation of the Indictment;

(b) Immediate entry of the preliminary order of forfeiture or the filing of a civil complaint by the United States pursuant to Title 18, United States Code; Section 981;

(c) Waiver of the right to personal service of all process and naming of Frederick Martin, Esq., 35 Market Street, Lewisburg, Pennsylvania 17837 as agent for service of all process;

(d) Waiver of the right to appear and contest any portion of the forfeiture proceedings, including but not limited to, any motion or proceeding for substitute assets;

(e) The filing and entry of a consent decree of forfeiture;

(f)     Disclosure, no later than upon signing this Agreement, of all persons and entities holding an equitable or legal interest in the property, real or personal, subject to forfeiture pursuant to this Agreement;

(g)     Concurrence in any motion necessary to be filed and signing any documents necessary to effectuate forfeiture;

(h)     Payment of costs associated with the seizure, storage, and maintenance of the any asset being returned to defendant as a result of this Agreement;

(i)     In the event any assets are being returned to the defendant, such return does not amount to having "substantially prevailed" in the pursuit of any claim, and to make no claim against the United States or any of its agencies or employees, including claims for attorney fees and costs of litigation;

(j)     Waiver of any double jeopardy challenges the defendant may have to any administrative or civil forfeiture actions, pending or completed, arising out of the course of conduct forming the basis for the forfeitures.

14. <u>Disclosure of Assets</u>. This Agreement is being entered by the United States on the basis of the express representation that the defendant is making full and complete disclosure of all assets over which the defendant exercises control. The defendant agrees to submit to a polygraph examination by an examiner selected by the Government to verify the defendant's complete and candid compliance with this provision of the Plea Agreement. The defendant also understands that a failure to make a full disclosure or lack of candor revealed by a polygraph examination would constitute a breach of this Plea Agreement, subjecting the defendant to the sanctions set forth in this Plea Agreement. Conditioned upon such full disclosure, the United States agrees not to seek the seizure/forfeiture of any of the defendant's assets other than those set forth in this Agreement.

15. <u>Forfeiture of Interests/Passage of Clear Title/Destruction Order</u>. By this Agreement, the defendant agrees to forfeit all interests in the assets set forth above and to take whatever steps are necessary to pass clear title of those assets to the United States. These steps include but are not limited to surrender of title; signing of a consent

decree; stipulating to facts regarding the transfer and basis for the forfeitures; and concurrence in any motion and signing any document necessary to effectuate such transfers. The defendant further agrees, should the United States deem it appropriate, to the destruction of the items seized during the course of the investigation. The defendant agrees that the items may be destroyed by the investigative agency with or without a court order authorizing the destruction of the items seized. If the United States determines that a destruction order should be obtained, the defendant and defendant's counsel hereby concur in a motion for such an order.

## F. Information Provided to Court and Probation Office

16. Background Information for Probation Office. The defendant understands that the United States will provide to the United States Probation Office all information in its possession which the United States deems relevant regarding the defendant's background, character, cooperation, if any, and involvement in this or other offenses.

14

17.    <u>Objections to Pre-Sentence Report</u>.  The defendant
understands that pursuant to the United States District Court for the
Middle District of Pennsylvania "Policy for Guideline Sentencing" both
the United States and defendant must communicate to the Probation
Officer within 14 days after disclosure of the pre-sentence report any
objections they may have as to material information, sentencing
classifications, sentencing guideline ranges and policy statements
contained in or omitted from the report.  The defendant agrees to meet
with the United States at least five days prior to sentencing in a good
faith attempt to resolve any substantive differences.  If any issues
remain unresolved, they shall be communicated to the Probation Officer
for inclusion in an addendum to the pre-sentence report.  The defendant
agrees that unresolved substantive objections will be decided by the
court after briefing, or a pre-sentence hearing, or at the sentencing
hearing where the standard or proof will be a preponderance of the
evidence, and the Federal Rules of Evidence, other than with respect to
privileges, shall not apply under Fed. R. Evid. 1101(d)(3), and the court
may consider any reliable evidence, including hearsay.  Objections by

15

the defendant to the pre-sentence report or the court's rulings, will not be grounds for withdrawal of a plea of guilty.

18. <u>Relevant Sentencing Information</u>. At the sentencing, the United States will be permitted to bring to the court's attention, and the court will be permitted to consider, all relevant information with respect to the defendant's background, character and conduct including the conduct that is the subject of the charges which the United States has agreed to dismiss, and the nature and extent of the defendant's cooperation, if any. The United States will be entitled to bring to the court's attention and the court will be entitled to consider any failure by the defendant to fulfill any obligation under this Agreement.

19. <u>Non-Limitation on Government's Response</u>. Nothing in this Agreement shall restrict or limit the nature or content of the United States' motions or responses to any motions filed on behalf of the defendant. Nor does this Agreement in any way restrict the government in responding to any request by the court for briefing, argument or presentation of evidence regarding the application of Sentencing Guidelines to the defendant's conduct, including but not

16

limited to, requests for information concerning possible sentencing departures.

## G. Court Not Bound by Plea Agreement

20. Court Not Bound by Terms. The defendant understands that the court is not a party to and is not bound by this Agreement or any recommendations made by the parties. Thus, the court is free to impose upon the defendant any sentence up to and including the maximum sentence of imprisonment for five years, a fine of $250,000, a maximum term of supervised release of up to three years, which shall be served at the conclusion of and in addition to any term of imprisonment, the costs of prosecution, denial of certain federal benefits and assessments totaling $100.

21. No Withdrawal of Plea Based on Sentence or Recommendations. If the court imposes a sentence with which the defendant is dissatisfied, the defendant will not be permitted to withdraw any guilty plea for that reason alone, nor will the defendant be permitted to withdraw any plea should the court decline to follow any recommendations by any of the parties to this Agreement.

17

## H.    Breach of Plea Agreement by Defendant

22.    Breach of Agreement.  In the event the United States believes the defendant has failed to fulfill any obligations under this Agreement, then the United States shall, in its discretion, have the option of petitioning the court to be relieved of its obligations.  Whether the defendant has completely fulfilled all of the obligations under this Agreement shall be determined by the court in an appropriate proceeding at which any disclosures and documents provided by the defendant shall be admissible and at which the United States shall be required to establish any breach by a preponderance of the evidence.  In order to establish any breach by the defendant, the United States is entitled to rely on statements and evidence given by the defendant during the cooperation phase of this Agreement.

23.    Remedies for Breach.  The defendant and the United States agree that in the event the court concludes that the defendant has breached the Agreement:

(a)  The defendant will not be permitted to withdraw any guilty plea tendered under this Agreement and agrees not to petition for withdrawal of any guilty plea;

(b)    The United States will be free to make any recommendations to the court regarding sentencing in this case;

(c)    The United States will be free to bring any other charges it has against the defendant, including any charges originally brought against the defendant or which may have been under investigation at the time of the plea.  The defendant waives and hereby agrees not to raise any defense to the reinstatement of these charges based upon collateral estoppel, Double Jeopardy, statutes of limitations or other similar grounds.

24.    Violation of Law While Plea or Sentence Pending.  The defendant understands that it is a condition of this Plea Agreement that the defendant refrain from any further violations of state, local or federal law while awaiting plea and sentencing under this Agreement. The defendant acknowledges and agrees that if the government receives information that the defendant has committed new crimes while

awaiting plea or sentencing in this case, the government may petition the court and, if the court finds by a preponderance of the evidence that the defendant has committed any other criminal offense while awaiting plea or sentencing, the Government shall be free at its sole election to either: (a) withdraw from this Agreement; or (b) make any sentencing recommendations to the court that it deems appropriate. The defendant further understands and agrees that, if the court finds that the defendant has committed any other offense while awaiting plea or sentencing, the defendant will not be permitted to withdraw any guilty pleas tendered pursuant to this Plea Agreement, and the government will be permitted to bring any additional charges which it may have against the defendant.

## I.    Deportation

25.    Deportation/Removal from the United States. The defendant understands that, if defendant is not a United States citizen, deportation/removal from the United States is a possible consequence of this plea. The defendant further agrees that this matter has been discussed with counsel who has explained the immigration

20

consequences of this plea.  Defendant still desires to enter into this plea after having been so advised.

## J.  Other Provisions

26.  <u>Agreement Not Binding on Other Agencies</u>.  Nothing in this Agreement shall bind any other United States Attorney's Office, state prosecutor's office or federal, state or local law enforcement agency.

27.  <u>No Civil Claims or Suits</u>.  The defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to the defendant, arising out of the investigation, prosecution or cooperation covered by this Agreement, including but not limited to any claims for attorney's fees and other litigation expenses arising out of the investigation and prosecution of this matter.  By the defendant's guilty plea in this matter the defendant further acknowledges that the Government's position in this litigation was taken in good faith, had a substantial basis in law and fact and was not vexatious.

28.  <u>Plea Agreement Serves Ends of Justice</u>.  The United States is entering into this Plea Agreement with the defendant because this

disposition of the matter fairly and adequately addresses the gravity of the series of offenses from which the charges are drawn, as well as the defendant's role in such offenses, thereby serving the ends of justice.

29.   <u>Merger of All Prior Negotiations</u>.   This document states the complete and only Plea Agreement between the United States Attorney for the Middle District of Pennsylvania and the defendant in this case, and is binding only on the parties to this Agreement and supersedes all prior understandings or plea offers, including the proposed plea agreement sent to defense counsel on July 6, 2016, whether written or oral. The defendant agrees that she and counsel have discussed the rejected plea offer stated above as well as this plea agreement. This agreement cannot be modified other than in writing that is signed by all parties or on the record in court. No other promises or inducements have been or will be made to the defendant in connection with this case, nor have any predictions or threats been made in connection with this plea. Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the defendant certifies that the defendant's plea is knowing and

voluntary, and is not the result of force or threats or promises apart from those promises set forth in this written Plea Agreement.

30. <u>Required Signatures</u>. None of the terms of this Agreement shall be binding on the Office of the United States Attorney for the Middle District of Pennsylvania until signed by the defendant and defense counsel and then signed by the United States Attorney or his designee.

# ACKNOWLEDGMENTS

I have read this agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it.

8·31·2016
Date

CHRISTINA WOODRING
Defendant

I am the defendant's counsel. I have carefully reviewed every part of this agreement with the defendant. To my knowledge my client's decision to enter into this agreement is an informed and voluntary one.

8-31-16
Date

FREDERICK MARTIN
Counsel for Defendant

PETER J. SMITH
United States Attorney

9/9/16
Date

By: _____

PHILLIP J. CARABALLO
Assistant United States Attorney